Call the next matter. Oh, certainly. We're in no rush. Thank you. A little bit more than everybody else. Why not? I proceed. Just one moment. The next matter is United States of America versus Claudia Moreno. Mr. Caddy? Yes, Your Honor. Good morning, Your Honors. If it pleases the Court, my name is David Caddy. I'm the attorney on behalf of the appellant, Claudia Moreno. With the Court's permission, I'd like to reserve five minutes for rebuttal. Granted. Thank you. Your Honors, the issue in this case, the salient issue, is not whether the government should have issued a passport to Claudia Moreno. The salient issue is not whether the government could have revoked the passport issued to Claudia Moreno. The salient issue is the fact that they did issue a passport to Claudia Moreno and that they did not revoke the passport issued to Claudia Moreno. And you say that means she's a citizen of the United States? Yes, Your Honor. Under 22 U.S.C.S. 2705, the Congress has given three separate entities the authority to determine who is and who is not a citizen of the United States. It could be the courts, immigration, or the Department of State. In this instance, the Department of State had issued a passport to Claudia Moreno. If there is a determination or if there's a belief that that passport should not have been issued, there is a method for a revocation. Well, the Court of the United States has said she's not a citizen. That is correct. So what do we do? This is a crazy case. It is. The Fifth Circuit says she's not a citizen. She knew that she wasn't a citizen. She knows she was born in Mexico and adopted in New Mexico. She was removed from the United States. She knew she had no right to be here. And nevertheless, in spite of all that, she procured a passport and says, I am a citizen. The State Department says I'm a citizen. Fifth Circuit be damned. Is that the argument? The argument is this, Your Honor. Well, I will say persistence pays. But if a court in, and I'm forgetting the year, 2000 determines that I'm not a citizen, that does not mean that I cannot become a citizen at a later time. And in this instance, remember, the State Department has independent authority. So if the Fifth Circuit says you're not eligible to be a citizen, that in no way precludes the State Department from determining that you are. What about Ms. Moreno changed after the Fifth Circuit said she wasn't a citizen to render her a citizen? What about her changed? Well, I mean, the passage of time is the only thing I can say changed. But I will say this, that the... Her cleverness and fraudulently obtaining a U.S. passport? Is that what changed? That's a very important issue. There is no fraud in this case. Go back, she was adopted. Yes. But to become, she was adopted by a U.S. citizen. To become a U.S. citizen, she had to be naturalized, right? Yes, she... Was she ever naturalized? She was not naturalized through immigration. She would have had to apply, I believe, by her 19th or 18th birthday, and that time had passed. But the issue is... You're saying then the simple giving her a passport made her a citizen that you don't need to get naturalized? You do not need to get naturalized. 2705 clearly says that the Department of State has independent authority, and the method by which the Department of State recognizes citizenship is to confer a passport. It also says, a passport issued by the Secretary of State to a citizen of the United States. What should we take from that language? That the... You would concede she wasn't a citizen of the United States when the passport was issued, would you not? The issuance of the passport... Just answer my question, if you would, please, and then move on. I'm trying to do that, but once the passport was issued... To a citizen of the United States. To a citizen of the United States. I mean, that language is altogether. And I agree with that. But the method by which the State Department confers citizenship is through a passport. So was she a citizen the day before? But through a passport issued to a citizen of the United States. Yes. That's in the statute. Yes. She was not a citizen of the United States when she got her passport. Well, that's the difficulty with the statute. It says the passport itself... It's a difficulty for you, I understand, but the language means something, and I'm grappling with what it means. And I think that language is circular, because if you have a passport, the issuance of the passport... Well, no, no, because their passports are also issued to people who are not citizens of the United States. Well, under... They're issued to U.S. nationals. Yes, but under... So that it's not circular. Well, under... It's not saying issued by the Secretary of State to a U.S. national, and the Secretary of State can't issue a passport to a U.S. national. It's saying issued by the Secretary of State to a citizen of the United States. Yes. That is a not all-inclusive category, and therefore it's not circular. Well, my argument is this, that 2705 says a passport is conclusive evidence of U.S. citizenship. If it's issued to a citizen of the United States, but this is a passport that was issued to someone who is not a citizen of the United States. Well, Your Honor, and I don't think I can satisfy you on that. It is my belief that the issuance of the passport shows conclusive conference of citizenship, but even if it does not, Your Honor, in this case, and I will state specifically the statute does say it's conclusive evidence of citizenship, it's never been revoked. There's never a revocation. Is there a difference between citizenship, quasi-citizenship, and evidence of citizenship, even if it's irrebuttable? If it's irrebuttable, I don't see how you can do that by definition. If it's conclusive, what else is there to do? And there is a method for the State Department to come back and say, you are not a citizen by way of this passport. And the method for that is codified in the Code of Federal Regulations, which says you issue a notice of revocation and give the person a hearing if requested in 60 days. And that was never done in this case. In addition to this, Your Honor, this is a case that requires a willful violation of the law. And as the law stood at the time, and I would still say that does, if a statute says that a passport is conclusive evidence of U.S. citizenship, and that was the person's belief at the time, how can a person make a willful statement if both they have a passport, they have an NCIC report from the FBI indicating that her citizenship is out of the United States, if her... Where does the statute use the word conclusive? And I am... Court's indulgence. Cases have. Cases have. I don't see the statute saying that. The courts interpreting that have stated that it's conclusive evidence of U.S. citizenship. All right. And you want us to hold the same. Certainly. You are not, but I certainly think these are persuasive. And you can see that it is not only an issue of first impression with this court, but no court of appeals has ever had precisely this issue. I will concede this is a... And I'm not an immigration attorney, and I don't declare to be. This is a very convoluted case. But I will say in addition to this, now we have a understanding... Let me follow up the questions that were just asked, if I might. And that is, if there is no language in a statute that says that the issued passport is conclusive evidence, then what should we make of this troublesome language in 2705-1 that says the passport is issued by the Secretary of State to a citizen of the United States? You have no statutory language to rely upon suggesting that the possession of an issued passport is evidence of any kind, for that matter, let alone conclusive evidence. So what does that leave you? Certainly, obviously, the cases interpreting that statute have said that it is conclusive evidence of U.S. citizenship. But I bring the court back to the issue... Cases interpreting that statute or cases relating to the fact that a Certificate of Naturalization of Citizenship is accepted as complete evidence of its own validity? Well, if you look at the Magnuson case, and that's cited on 20, the court said there, first by Section 2705, Congress has vested power of the Secretary of State to decide who is a U.S. citizen. By deeming passports conclusive evidence of citizenship, Congress has thus also granted the power of the Secretary of State to determine who is a citizen. And the way in which... Well, but wait, wait. All right, slow down a little, because this is... This is... Parsing, I think, is necessary in this case. We all might agree on that. But Magnuson, I'm quoting from the Ninth Circuit, 2705, plainly states that a passport has the same force and effect as a Certificate of Naturalization or Citizenship. The holders of these other documents can use them as conclusive evidence of citizenship. So isn't the Ninth Circuit bootstrapping the conclusive nature of the Certificate of Naturalization and then analogizing that to 2705? I think what they're treating is the Department of State's authority as being equal to that of immigration to make a determination of who is a citizen. And the only... It's strangely here, to Judge Roth's question, not only has the Fifth Circuit said she's not a citizen, she was never naturalized. She didn't get that imprimatur of what used to be immigration, now DHS, saying you are a citizen. So she's batting zero with the court. She's batting zero with Homeland Security slash immigration. And you're saying that doesn't really matter because she's batting 1,000 with the State Department. State Department has given her the imprimatur she needs. That's it. We almost have a battle among the three entities capable of conferring citizenship on people. Is that wrong? I think it's wrong in one respect, is that one, I'll say this, all three are independent and each can determine citizenship. And two... In derogation of the others? If they're each given independent authority, how could the Department of Homeland Security overrule the Department of State or vice versa? If they're each given the independent authority... All right, so if the Supreme Court rules in a final judgment that Smith, no offense to my friend and colleague, if the Supreme Court of the United States, after a case goes through all the machinations, the Supreme Court says, Smith is not a citizen. It's your position that the State Department can counterman that by the issuance of a passport to Smith. The State Department would have independent authority. They can come at a later time and say, we are going to confer citizenship. That's their independent authority. And unless the Supreme Court says that they violate one of their own rules as to one of the State Department's rules, I don't think that even the Supreme Court could broach the Department of State's authority to determine who is in fact a citizen. And just one... I believe Judge Roth had a question. Aren't you presupposing that the only category of persons to whom the State Department can issue a passport is a U.S. citizen? But that's not true. That is correct, but the... The State Department can issue passports to U.S. nationals. Sure, but... That does not make them citizens, does it? That doesn't make them citizens. I agree with that. But if you look at the passport application in this case, the Department of State based its decision on her certificate of birth. And it says, if you look at the... And I'll get it to you when I come back to the page. What's the proof of citizenship? My point is that the State Department is not an independent citizenship conferring organization because the step that you say confers that citizenship is not a step that is offered exclusively to U.S. citizens. That's correct. But in this particular case, they based it on their determination of citizenship. And you can look at that in the application for the passport, which is approved. There's a box there that says... What is it? It's proof of citizenship, and it lists her birth certificate. So that was the determination. And whether or not that was a mistake isn't the salient issue. The salient issue is whether they had done it and whether they had revoked it. The issue on top of that is her good faith belief at the time based on her attorney and... Based on knowing that she had never been naturalized. Well, and my statement is that you don't have to be naturalized through Department of Homeland Security. The Department of State is independent of that. And I will say that when she applied, there's a 2010 decision from the AAO, from the Department of Homeland Security, saying she has this passport. This is conclusive proof of her citizenship. And therefore, we can't make a determination on this record. The AAO then sent it back down and said, determine if she should have been given a passport. If not, then I'll submit a new decision. All right. We're well beyond your time, and you have reserved for rebuttal, Mr. Caddy. So we'll have you back at that time. Thank you. Ms. Lake? Good morning. May it please the Court, Kelly Lake. I represent the United States in this matter. I am prepared to answer any questions Your Honors might have. First question is, why didn't they revoke the passport? To this day? I don't know. I can only answer that... The United States really screwed up in this one, didn't they? They did make a mistake, Your Honor, yes. Your language is much more elegant than mine. I do know, based on the record of evidence, that notice was given to Ms. Moreno for revocation of the passport in September of, I believe the record says, 2011. Notice was sent to Ms. Moreno regarding revocation of the passport. But I will note that the evidence also indicates that in 2008, her passport was confiscated by Border Patrol. It was given back to her, though, right? No, it was not given back to her. She had a photocopy of her passport. Her passport was never given back to her. Once it was confiscated, Ms. Moreno never had that passport again. So over a year ago, they've notified her of revocation, but to your knowledge, nothing has happened in the last 14 months? That's correct. To my knowledge, nothing has happened. Why? I honestly don't know. Human error. You know, that's, and I understand this is not in your control, Ms. White, but I do hope you will take it back. It's almost insulting to this court, frankly, to be given a very, very difficult statutory issue like this one, and then have the government suggest by implication that it's not even sufficiently important for them to proceed with revocation of the passport. I find that very, very troubling. And again, I realize it's not your call, but perhaps my colleagues don't share that view, but it is mine. I do. I mean, the State Department doesn't care about this. Why should we? I mean, it's one of the stranger cases I've ever seen. I think Your Honors should care because there's sufficient evidence to support Ms. Moreno's conviction for falsely representing herself to be a United States citizen. And she willfully did so by representing herself to be a United States citizen, even though she was told multiple times she is not a United States citizen. Tell us a little bit about the evidence. I don't remember it, I'm sure, as well as you could just tell us now. Was the defense that, hey, I am a United States citizen, here's a passport proving I am? Yes. The defense was that I'm a United States citizen because I have a passport, and I did not willfully represent myself to be a United States citizen because I believed that I was a United States citizen. So that was submitted to the jury. The jury could have weighed, did in fact weigh that evidence and decided, I guess, that the passport was outweighed by the fact that she was born in Mexico, she had been adopted in New Mexico, she had been previously removed, she was deemed not a citizen by the Fifth Circuit. Was all of that part of the trial as well? Yes, Your Honor. And so the only thing that she, what she really wanted at trial that she didn't get was an instruction from the court essentially ordering the jury to direct a verdict in her favor because the passport was conclusive proof of her citizenship. Is that right? That is correct. And it's your position that a passport is not conclusive proof of citizenship? It is not my position, Your Honor. In order to get a passport, you must prove that you are eligible for a passport. You must submit proof of identity and proof of citizenship or proof that you are eligible to get a passport. Ms. Moreno did not do that. The passport was issued to her in error. And therefore, it was not conclusive proof that she was a citizen? That is correct. So what do we do about the cases that tell us that it is conclusive proof? Your Honor, the cases do not indicate that a passport is conclusive proof of citizenship in a vacuum alone, that statement alone. What the cases indicate and hold are that only a U.S. citizen is entitled to a U.S. passport. And a U.S. passport is conclusive proof of citizenship in administrative immigration hearings. And I believe that is the Keele matter. And in the Vanna matter, the court has held that a U.S. citizen is entitled to a U.S. passport. And that is proof of citizenship unassailable in administrative hearings. And so the case law does not hold that possession of a passport is conclusive proof of citizenship. Vanna is a non-presidential opinion of this court. And so it doesn't bind us as precedent. But even if it did, it wouldn't resolve the question before us, would it? I would say that it would, Your Honor, because it does qualify the statement of who is entitled to a U.S. passport. You must be a United States citizen or have a United States passport. And then a United States passport is conclusive proof of citizenship in an administrative hearing. So if you're not a United States citizen, a United States passport is not conclusive proof of citizenship. That is correct. But if you are a citizen, it is conclusive proof? In administrative immigration proceedings. All right. So you want to draw a line between the administrative realm and the judicial realm? Yes, Your Honor. And even in the administrative realm, if you're not a U.S. citizen, it's, it's, is it, if you're not a U.S. citizen, is a passport conclusive proof that you are a citizen? That's why I understand your question. You're asking if you're not a U.S. citizen, but you're in possession of a passport, is it now proof of U.S. citizenship? No, it's not. The passport came up in trial only during the defense. Is that correct? The, the government called Ms. Martins a Department of State employee as in their case in chief. So it came up in the government's case. All right. I, I thought that when we came on the bench, but I was beginning to think that I misrecollected. So the government did put this in to its case in chief? Yes, Your Honor. All right, good. As it should have. Thank you very much, Ms. Lake. We'll, we'll have Mr. Caddy back on rebuttal. Thank you, Your Honor. Thank you. Mr. Caddy, why, why don't we adopt an approach similar to what the Eighth Circuit seems to have done in Keele and say, well, that only applies to U.S. citizens. It only really applies in administrative proceedings, but it wouldn't apply here in this criminal realm. I think you'd be reading words into a statute that are not there. And there's no indication that Congress intended to limit 2705 to administrative proceedings. The language does not call for that. I don't think that the court can read that into the statute. What words would we be reading into the statute? That this, that the passport shall have the same force and effect. Excuse me. Passport shall have the same force and effect as proof of United States citizenship as certificates of naturalization or of citizenship issued by the Attorney General or by a court having naturalization jurisdiction. You would be reading it, but only in administrative proceedings. The law seems to indicate that those three things, a court, immigration, or the Department of State's determination of citizenship. But the court and the naturalization process, I thought I at least gave you my view, that they've already given your client the thumbs down. So if you want, if you, if you argue that 2705 requires that your client receive the same treatment that she gets from naturalization and from a court, then you're arguing that she gets no relief. I'm not saying that, and Judge Hartiman, if you look at the record in this case, I've included the AO decision from the Department of Homeland Security. And specifically, it says in there, because of this passport issue, we are not making a determination of whether or not she's eligible for a certificate of naturalization. All right. So they've given a no decision. So you, so you got a draw from Homeland Security. You got a loss from the Fifth Circuit. How does that get you victory here? Well, because. If you're asking for in pari materia treatment. And I don't see how that gets you victory when you haven't established a victory in one of the other realms. I don't believe that I have to do so. What I'm saying, what I'm saying is that the Department of State is independent authority to make this decision. Immigration has independent authority, and a court would have independent authority to do that. And you don't have to win a clean sweep in order to do so. You can have one of those branches make a determination, and that would be binding. But this branch, namely the Secretary of State, needs to give it to a citizen. That's what the statute requires. Yes, and this is, I go back to certainly, in doing so, and if you look at 667 of the joint appendix, it clearly says that the basis is, what's her proof of citizenship? It's her birth certificate. That's why they're issuing it. And I think in issuing that passport, they had made a determination, whether right or wrong, that she was a U.S. citizen. And on March 16, 2011, there had never been a revocation. And also, the AAO decision from 2010 was still awaiting further action on this passport. So at the time, Ms. Moreno, does she have a reasonable belief that she's a U.S. citizen? Well, she has these... No, the jury said no. I mean, you argued that she was confused or that she was a citizen. Look at the passport. You tried all those arguments, and the jury said no. I did. Well, there's one important piece of evidence that I did not get in. And of course, that's the FBI report that was issued to Ms. Moreno, indicating that her citizenship was United States. The court did not permit me to send that document back. But what the court did permit was the documents the government wanted, saying she had not established citizenship. The FBI cannot award citizenship. Absolutely correct. But in a willful... In a crime that calls for a willfulness mens rea, the fact that a branch of the government had sent her a document indicating she was, in fact, a United States citizen would negate the allegation that she made a willfully false... Allegiance that she'd never been naturalized? Well, her belief is that the passport and the law at the time, and including the Vanna decision, made the statement that it's conclusive evidence of U.S. citizenship. The limitations that the government is asking the court to impose were not certainly imposed at that time. So how can a person make a willfully false statement when she has documentation from the AAO decision saying, look, you have a passport, is evidence of citizenship, we're issuing a passport to her. In this case, when you have her attorney telling her, yes, you are a U.S. citizen in this case, how can these things be willful when branches of the government, including the documents that were turned over on the eve of trial, saying, look, this is a valid passport. We can't hold her. We have to let her go because this is proof of her citizenship. How can someone make a willfully false statement that was uttered by members of the Department of Homeland Security and sent to her in her FOIA request saying that your citizenship is that of the United States? How do you make a willful false statement? Regardless of whether or not it's true doesn't matter. And in a good faith argument, you don't even have to prove that your belief is reasonable. That's just that it's sincerely held. The government's agent, Laura Zell, admitted she was, you know, she really believed that she was a United States citizen. And wrong, right or wrong doesn't matter in a crime. The jury heard that testimony and they looked at all the evidence and they they did not believe her. Do you really think that FBI report would be the one document that would make a difference? I think it would have made a big difference. It went to the central issue in the case, which is her mens rea. And you would have had to redact out of that all her criminal history, too, right? Yes, but that's a common redaction of documents is common. There's nothing unique about redacting a document. When something goes to the central issue in a case, 403 presents a government with a very, very high hurdle to try to overcome in order to keep that evidence out. And that's what we review a 403 determination on abuse of discretion, which is a very, very high hurdle for an appellant to absolutely is. And I recognize that. But I would ask the court to look at when you're looking at the abuse of discretion, what is the standard under 403 to keep something out that goes to a central issue? That's a very high burden for the opponent of the evidence to overcome. There's a presumption of admissibility. And we've established authenticity. Relevancy was all conceded. This is something going to the central issue in the case. But if a judge thinks it might even cause jury confusion. Absolutely. That's enough. I think that was it. Now, yes, but if it's an abuse of discretion, when it's something that's so central to an issue in the case and the case law indicates that, look, when you have something that is the main point of a case, you should really never keep that evidence out. And what went back to the jury was all, I'll say, the bad evidence. None of the good evidence got to go back with the jury to review to see whether or not she made a good faith statement of her citizenship at the time. What do you make of this notion? Your client was prosecuted under Title 18 for violating criminal law of the United States, Section 911. You're relying upon 22 U.S.C. 2705. That's correct. There's tension between the two, right? I don't see the tension between the two. I mean, of course, my position is that the passport, conferred citizenship, and that would be defeat. I mean, Title 22 is entitled foreign. I'm trying to make sure we don't lose the forest here while we're deep into the trees. I mean, 22 is entitled foreign relations and intercourse. So, I mean, we don't want people in Buffalo, you know, stopping people with passports and saying, oh, is this real? Is this fake? Isn't that what 2705 is all about? It's about saying, look, if someone shows up with a passport, they're coming in. But why should we transport that into the criminal law when the criminal law has attendance to it, a whole panoply of more detailed procedures and protections for the accused? The problem with not being permitted to utilize Title 22 is Title 22 is what gives foreign-born persons the ability to establish their citizenship. If the government is attempting to, one of the elements they have to prove is a lack of citizenship, you have to be able to use the vehicle that Congress has provided to establish the documents that would establish your citizenship. And those documents are a certificate of naturalization or certificate issued by the Attorney General pursuant to a court naturalization. Those are the two ways. Or a passport. A passport has the same force and effect as those other documents. As those other ways. We can't treat the passport as a stepchild to the certificate of naturalization. What Congress is saying is these are all co-equal methods of establishing citizenship. And you can't say one is better than the other or that you need all three. As long as the passport during its period of validity was issued by the Secretary to a citizen of the United States. And I agree with that. But does that mean that if, I mean, we've only been looking at the import of this with respect to this case, which was a 9-11 prosecution. But does that mean that if there are any other benefits at all incident to being a United States, that during the period until, up until such time as the Department of State elects to revoke that perhaps fraudulently obtained passport, that all of those incidents of citizenship should be available to the person who holds the passport because it is conclusive evidence of citizenship? I think that's what Congress said. And to protect against those other issues, they said, here's a very easy method. All the only thing they have to do to revoke a passport. You don't even have to have it here. All they have to do is send you a notice and say, it's been revoked. Then the onus is on you to come back and say, it should not. Didn't they do that to your client? Absolutely not. I thought Ms. Lake said last year there was a notice of revocation. That was well after the crime is alleged to have occurred. So let's enlighten us. Did your client get a notice of revocation? There is no notice of revocation. Ms. Martins testified she didn't know what letter was sent out. But I have never seen. There's nothing in the record. And I can tell you that I've never seen. And my client's fiance, they never received. So you don't have any concerns about the policy implication pursuant to Judge Smith's implied, I think it's Judge Smith's question, that the worst enemy of the United States, as long as he can procure through corruption or fraud a U.S. passport, he gets all the benefits of United States citizenship until someone in the State Department bureaucracy revokes it. That's the logical line here, isn't it? This is what is set out by Congress. I understand your statutory argument. I'm asking about the policy implication. Am I overstating the policy implications of the rule you're asking us to adopt? If someone goes like Ms. Moreno, she submits a valid document, which was her certificate of birth, in that situation, that is different than what the government's saying in Keele, where it's a person, I'm impersonating you, and I get that passport. Why? The impersonator is carrying the badge of citizenship that you say is conclusive. Holy grail, as far as your argument is concerned. I'm not sure. I don't understand the distinction between the impersonator. What's the difference between the impersonator, the person who procures it by a major fraud, or a minor fraud, or a mere inadvertence or mistake by the bureaucracy? What's the difference among any of those people? They all have that ticket to ride, that passport that you say is conclusive, and each one of them got it in error. Well, in a situation where it's me impersonating someone, that passport is being issued to the person under whose name it is, not the person who fraudulently conveyed themselves to be that person. This is a situation where Ms. Moreno said, this is me, here's my certificate of birth. The Department of State said, I'm relying on your certificate of birth, maybe mistakenly, and they gave her that passport. Whether or not this Department of State needs another method to revoke that passport, the Code of Federal Regulations gives an easy thing. All you have to do is send a letter, and it's revoked automatically. I think we understand your position, Mr. Caddy. It's a very interesting case, an unusual case, and we thank both sides for their very helpful presentations. Thank you, Your Honor. Thank you. We'll take the case under advisement, and we'll ask...